UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255.

On May 25, 2022, Troy Stroud ("Petitioner") filed the instant motion for relief from his sentence pursuant to 28 U.S.C. § 2255. The United States of America ("the Government") opposed Petitioner's motion. *Troy R. Stroud v. United States of America*, 2:22-cv-03789-SVW ("CV Dkt.") No. 12. On July 14, 2022, Petitioner filed a motion to expand the scope of the civil action to include in discovery certain letters which he used in furtherance of his fraudulent loan scheme. CV Dkt. No. 9. The Government has not opposed the motion to expand the scope. CV Dkt. No. 11.

For the reasons stated below, Petitioner's § 2255 motion for relief is DENIED.

I.   **Factual and Procedural Background**

From 2015-2020, Petitioner created various shell corporations to apply for business loans. *United States of America v. Troy Rustill Stroud*, 2:20-cr-00248-SVW ("CR Dkt.") No. 47 at ¶¶ 9-10. Petitioner used the personal information of individuals whom he paid or convinced to participate in his fraud scheme as officers of these entities. *Id.* When the shell corporations received loan proceeds, defendant withdrew the funds from the corporations' accounts and ran off with the money after making minimal or no payments on the loan balances. *Id.* In total, victim lenders to these various corporations collectively lost $968,169.69. *Id.*

Petitioner was charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and aggravated identity theft in violation of 18 U.S.C. § 1028A. CR Dkt. No. 27. In a letter to the probation officer, defense counsel for Petitioner argued nine bases for downward departures from the sentencing guidelines in Petitioner's case and the probation officer accepted some of these arguments in

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

his report and recommendation. CR Dkt. No. 71-1 at 7. The probation officer recommended a downward departure from criminal history category VI to V and a low-end guideline sentence of 130 months for the wire fraud charge (for which the advisory guideline range is 140-175 months based on an offense level of 28 and criminal history category of VI). CR Dkt. No. 46 at 1-2, 6.

The prosecutor initially intended to argue for a high end 175-month sentence based on Petitioner's many past convictions, his failure to be deterred by lengthy sentence, his plans to return to fraud upon release, and his central role in the fraud scheme. CR Dkt. No. 71 at 2. However, the prosecutor agreed to jointly concur with the probation officer's recommendation and dismiss the § 1028A charge, which would have added a mandatory consecutive 24-month prison term to Petitioner's sentence, in exchange for an appellate waiver set at 20 years. *Id.* at 2-3. After attempting to convince the prosecutor to agree to a lower recommendation, defense counsel discussed the proposed 130-month joint recommendation and terms of the plea agreement with Petitioner and his colleagues. *Id.* Defense counsel concluded that this Court would likely impose a sentence higher than 130 months, so it was in Petitioner's best interest to accept the plea agreement and proposed joint recommendation. *Id.* Defense counsel met with Petitioner to discuss the joint recommendation and appellate waiver multiple times over the two months leading up to Petitioner's sentencing. CR Dkt. No. 71-1 at 8-9.

Shortly before Petitioner's sentencing hearing, Petitioner asked defense counsel whether he believed this Court might shorten Petitioner's sentence if Petitioner filed a motion to vacate his sentence under § 2255 nine months after sentencing. *Id.* Defense counsel advised Petitioner on the strategic considerations involved in accepting the proposed joint recommendation but informed Petitioner he could not advise him on the §2255 motion. *Id.* After considering the situation in light of counsel's advice, Petitioner agreed to accept the joint recommendation. *Id.*

On May 24, 2021, this Court heard argument from Petitioner's defense counsel regarding the joint recommendation and sentenced Petitioner to a prison term of 162 months and 3 years of supervised release. CR Dkt. No. 59 at 1-2. This Court also granted the Government's request to dismiss the § 1028A charge and advised Petitioner of his rights on appeal during the sentencing hearing. *Id.*

II.  **Legal Standard**

A prisoner in custody under sentence of this Court may petition for the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Even if a federal right was violated however, "that does not necessarily mean that

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

[the prisoner] is entitled to habeas relief. In the absence of 'the rare type of error' that requires automatic reversal, relief is appropriate only if the prosecution cannot demonstrate harmlessness." *Davis v. Ayala*, 576 U.S. 257, 267 (2015). Relief is proper only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 268 (citing *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). "There must be more than a 'reasonable possibility' that the error was harmful." *Id.*

### III. *Strickland* Claims for Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right of a criminal defendant to the assistance of counsel. U.S. Const. amend. VI. Ineffective counsel violates the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a petitioner must show (1) his counsel's performance was deficient, and (2) the deficient performance caused prejudice. *Id.* at 686–88.

Counsel's performance is deficient if counsel's conduct falls below an objective standard of reasonableness. *Browning v. Baker*, 875 F.3d 444, 471 (9th Cir. 2017). While a petitioner must identify counsel's specific acts or omissions upon which the claim is based, "the court considers counsel's conduct as a whole to determine whether it was constitutionally adequate." *Id.* However, "[j]udicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 669. Accordingly, there is a "'strong presumption' that counsel's representation [was] within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

Deficient performance is prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. However, "[t]he likelihood of a different outcome must be substantial, not merely conceivable." *Walker v. Martel*, 709 F.3d 925, 941 (9th Cir. 2013) (internal citations and quotations omitted). Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington*, 562 U.S. at 104.

Here, Petitioner claims that his sentence was imposed in violation of his constitutional rights. CR Dkt. No. 61 at 5. Specifically, Petitioner claims that counsel was deficient because counsel (1) did not persuade this Court to impose a non-guideline sentence even further below the joint

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

recommendation, (2) failed to object to three sentencing adjustments in the Presentencing Report prepared by the Probation Office, and (3) failed to consult Petitioner regarding filing a Notice of Appeal. *Id.* at 5-9. Petitioner asserts that each of these deficiencies caused actual prejudice because there was "a reasonable probability" that Petitioner would have received a shorter sentence if defense counsel had taken the steps Petitioner identifies. *Id.*

### IV. Petitioner Did Not Receive Ineffective Assistance of Counsel When His Defense Counsel Concurred with the Probation Office's Recommended Sentence.

The first two grounds Petitioner identifies as support for his claim that counsel provided ineffective assistance stem from counsel's negotiation of a plea bargain and advisement that Petitioner accept the prosecution's offer to jointly propose a low-end sentence rather than litigate Petitioner's sentence in court. Petitioner has failed to show that defense counsel's conduct regarding the sentencing proposal was constitutionally inadequate under the circumstances, so his first two grounds cannot establish a claim under *Strickland*.

First, Petitioner argues his counsel should have prepared "a meritorious Sentencing Memorandum" recommending a non-guideline sentence and argued during the sentencing hearing in favor of a non-guideline sentence. CR Dkt. No. 61 at 5. However, as the Government states, Petitioner's counsel did not recommend a non-guideline sentence because he had reached an agreement with the prosecution to jointly recommend a low-end sentence for conspiracy to commit wire fraud and the dismissal of a separate charge for aggravated identity theft, which would have added a mandatory consecutive prison sentence of two years to Petitioner's existing sentence.

Petitioner's counsel secured this plea deal for his client and exhibited satisfactory performance in his advocacy for a low-end sentence because it avoided a mandatory minimum sentence. Petitioner claims that his counsel was ineffective because his public defender failed to persuade this Court to take the extraordinary measure of imposing a non-guideline sentence despite Petitioner's prior offenses, his orchestration of the scheme to involve other participants in illegal activity, and his statements indicating that he would return to fraud upon his release.

Defense counsel's strategic decision to accept the proposed recommendation does not qualify as objectively unreasonable under *Strickland*. Defense counsel initially submitted a memorandum to the Probation Office arguing for nine downward departures, some of which the probation officer adopted in his report. Counsel then evaluated the concessions made by the prosecutor in exchange for his

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

acceptance of the joint proposal and determined that the joint recommendation would be in Petitioner's best interest considering the prosecutor's intention to argue for a high-end 175-month sentence should defense counsel decline to accept the joint recommendation. Defense counsel discussed the terms of the recommendation with Petitioner and Petitioner agreed. Defense counsel's strategic decision reflected "reasonable professional judgment" well within "the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Second, Petitioner argues that his defense counsel failed to make a formal objection to three sentencing adjustments in the Presentencing Report prepared by the probation officer, and that his sentence would have been shorter had defense counsel objected to these guideline enhancements. CR Dkt. No. 61 at 5. Specifically, the Probation Office found that a two-level increase applies under Section 2B1.1(b)(2)(A)(i) because Petitioner's offense involved 10 or more victims, a two-level increase applies under Section 2B1.1(b)(11)(C)(ii) because Petitioner possessed five or more means of identification unlawfully obtained from another means of identification, and a four-level increase applies under Section 3B1.1(a) because of Petitioner's role as an organizer in a conspiracy that involved five or more participants. CR Dkt. No. 47 at 6-7.

Petitioner's second argument that the sentencing guideline enhancements identified by the Probation Office do not apply to his case is unconvincing. Regarding the first enhancement under Section 2B1.1(b)(2)(A)(i), Petitioner states that "the court should know that" the 21 victim lenders identified by the probation office "in fact acted more along the lines of brokers" and sustained no actual losses, so the offense did not actually involve ten or more victims. CV Dkt. No. 13 at 5. Petitioner's argument is refuted by the record. Petitioner admitted to having committed the conduct identified in his plea agreement, including applying for loans and withdrawing the proceeds, and the Presentencing Investigation Report identified the actual losses sustained by 21 victim lenders. CR Dkt. No. 47 at ¶¶ 16, 111. Petitioner offers no rationale to support his contention that these lenders were not actually lenders, and this Court declines to invent one of its own accord.

The second enhancement under Section 2B1.1(b)(11)(C)(ii) also clearly applies, despite Petitioner's argument that the straw borrowers he used in his fraud scheme were not actually victims because he had the consent of the individuals whose identity he used to set up shell corporations. Petitioner's arguments are irrelevant to the application of the guideline enhancement, which merely requires that "the offense involved the possession of five or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification." U.S.S.G. § 2B1.1(b)(11)(C)(ii). Petitioner possessed the loan numbers (a means of identification) of more than five

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

business loans which he obtained using his own and others' identities. CR Dkt. No. 47 at 6.

The statute does not mention victims. It only requires that the loan numbers were unlawfully obtained or produced from any other means of identification. Petitioner admitted to engaging in this scheme using his and others' identities in his plea agreement and briefing supporting this motion, so there is no reasonable basis to suggest that the second guideline enhancement does not apply.

The third enhancement under Section 3B1.1(a) applies because Petitioner was the organizer of the loan scheme and recruited 18 others to participate by acting as officers of the shell corporations. Petitioner provides no factual basis to undermine the finding of the Probation Office that he was the organizer of this conspiracy. In his reply brief, Petitioner contends that any individuals who acted as officers of the shell companies cannot be counted as participants because they were not named as co-defendants in Petitioner's criminal case. CV Dkt. No. 13 at 7-8. However, Petitioner's contention is contradicted by his own argument regarding the second guideline enhancement discussed above. In attempting to demonstrate that they were not "victims," Petitioner stated that he received the consent of straw borrowers to use their identities in his loan scheme and had notarized letters to prove their willing participation. CR Dkt. No. 61 at 13. Thus, Petitioner admits that he engaged at least five participants in the loan scheme which he organized, so the third sentencing guideline clearly applies.

The supposed shortcomings Petitioner identifies in defense counsel's conduct do not meet the highly demanding standard of gross incompetence required to show deficient performance. *See Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986). As the Ninth Circuit has made clear, defendants are entitled only to reasonably effective counsel, not representation at the highest level of skill. *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000). Petitioner's counsel was not required to secure a highly unusual non-guideline sentence where Petitioner's situation did not warrant further downward departures. Counsel's efforts to persuade this Court to impose a low-end sentence pursuant to the joint recommendation were more than adequate to qualify as reasonably effective.

Regardless of counsel's reasonably effective performance, Petitioner's first two arguments may be resolved by the lack of prejudice demonstrated. As *Strickland* makes clear, the court need not show with certainty that counsel's performance was deficient where the defendant has suffered no prejudice resulting from counsel's supposedly deficient act or omission. *Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

become so burdensome to defense counsel that the entire criminal justice system suffers as a result.").

Petitioner argues that he suffered prejudice based on *Glover v. United States*, 531 U.S. 198 (2001). The *Glover* court declined to say that "a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance." *Glover*, 531 U.S. at 203. However, the *Glover* Court did not ultimately resolve the question of whether a failure by defendant's counsel to object to improper sentencing enhancements actually resulted in a longer prison sentence or whether the failure was serious enough to meet the *Strickland* test.

Similarly here, Petitioner fails to demonstrate that he experienced any additional prison time as a result of the supposedly deficient omissions he identifies. Petitioner's counsel here was able to successfully negotiate a plea deal with reduced sentencing enhancements and the dismissal of a charge which would have imposed a second mandatory two-year sentence. Petitioner merely speculates that "there is a reasonable probability that . . . Stroud's 162-month federal sentence would have been shorter . . ." had his counsel filed a more persuasive sentencing memorandum and objected to the guideline enhancements recommended by the Probation Office. CR Dkt. No. 61 at 9, 15.

As the Government points out, this Court imposed a 162-month sentence based on its considered judgment of the facts and arguments presented. Defense counsel's argument for a lower sentence would not have been substantially likely to change the outcome of the proceedings in Petitioner's favor because this Court saw fit to impose a 162-month sentence despite the joint recommendation for 130 months. In fact, defense counsel's decision to accept the joint recommendation without further objection likely aided Petitioner's sentencing outcome because the prosecutor was prepared to argue for a high-end 175-month sentence if defense counsel did not agree to the joint recommendation.

Accordingly, Petitioner has failed to establish *Strickland* prejudice regarding the first two grounds of his ineffective assistance of counsel claim.

### V. Petitioner Did Not Receive Ineffective Assistance of Counsel When His Defense Counsel Did Not File a Notice of Appeal.

Next, Petitioner argues that he received ineffective assistance of counsel because his attorney failed to "consult" with him regarding filing a notice of appeal after sentencing when he asked his attorney "where do we go from here?" CR Dkt. No. 61 at 18.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

As Petitioner notes, *Roe v. Flores-Ortega* requires that an attorney consult with his client regarding an appeal, meaning "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." 528 U.S. 470, 478 (2000). However, *Flores-Ortega* also allows for situations where counsel is not required to consult regarding an appeal because it has been made clear to the defendant whether he has a right to appeal (typically by the trial court at sentencing) and it would be entirely illogical to file an appeal. *Id.* at 479-80. Those circumstances describe Petitioner's situation, as he was made aware of his rights on appeal by this Court at sentencing and it would be illogical to file a notice of appeal in violation of his plea agreement. *See* CR Dkt. No. 59 at 2; CR Dkt. No. 71 at 12.

Regardless, the record indicates that defense counsel did consult with Petitioner regarding his appellate waiver after sentencing and Petitioner has offered no factual support to contradict this. Defense counsel stated that he "told Mr. Stroud that, because of his appellate waiver, appealing was not a viable option. Mr. Stroud indicated that he understood. In lieu of an appeal, he asked me to pursue other, non-appeal-related steps to reduce his sentence, which I did up until the point of receiving notice of his 2255." CV Dkt. No. 12-2 at 6. Since Petitioner has provided no contradictory evidence to show that defense counsel did not consult with him regarding the advantages and disadvantages of filing an appeal, this Court finds that counsel's performance was not deficient, and Petitioner has failed to meet the *Strickland* test.

Petitioner relies on *Garza v. Idaho*, 139 S. Ct. 738 (2019) to argue that an attorney's failure to file a notice of appeal upon a defendant's explicit request, even where the defendant is subject to an appellate waiver, is *per se* deficient and prejudicial, so he is entitled to relief from his sentence. *Id.* However, Petitioner has not shown that he explicitly asked for an appeal at any point after signing his plea agreement. Where a defendant does not clearly communicate a desire to appeal, his attorney is required to consult only if there would be reason to think that a rational defendant would want to appeal or if the defendant "reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.

Petitioner's question to his attorney, "where do we go from here?" could not reasonably be interpreted as a request to file a notice of appeal where defense counsel had previously made clear that Petitioner would not be able to file a notice of appeal without violating his plea agreement and Petitioner indicated his understanding. As the Government recognizes, it would also be irrational to file a notice of

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03789-SVW; 2:20-cr-00248-SVW | Date | July 18, 2023 |
|---|---|---|---|
| Title | *United States of America v. Troy Rustill Stroud* | | |

appeal in violation of his plea agreement because Petitioner had no chance of success, and this would allow the government to prosecute Petitioner on the § 1028A claim that was plea bargained away. *See* CR Dkt. No. 71 at 12. Accordingly, Petitioner has failed to show that defense counsel's performance was deficient or that he was prejudiced by counsel's conduct.

Petitioner has failed to show ineffective assistance of counsel under the test outlined in *Strickland* regarding any of his grounds for relief, thus Petitioner's motion is denied.

### VI. An Evidentiary Hearing is Not Necessary to Resolve Petitioner's Motion.

District courts have discretion as to whether an evidentiary hearing in a habeas corpus proceeding is necessary. *Williams v. Woodford*, 384 F.3d 567, 590 (9th Cir. 2004). Where a petitioner has had a full opportunity to present relevant facts and the court is able to come to a decision after carefully considering the evidence without the need for oral testimony, a district court may decline to hold an evidentiary hearing. *Id*. Furthermore, the court may make limited credibility determinations based on the record where additional "testimony would have no reasonable chance of changing the court's view of the evidence in the record." *Id*. at 591. Finally, "an evidentiary hearing is not required where the petitioner fails to demonstrate what an evidentiary hearing might reveal beyond the existing record." *Canfield v. Adams*, 2010 WL 373830 * 9 (C.D. Cal. No. ED CV 08-298-MMM).

Petitioner has provided no indication of what additional information an evidentiary hearing might reveal. He has not attempted to dispute the testimony provided by the Government, which conclusively shows that Petitioner's claims are meritless. Since additional testimony would almost certainly not alter the Court's view of the evidence already provided, an evidentiary hearing is not necessary.

### VII. Conclusion.

For the foregoing reasons, the petition is DENIED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |